**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KEVIN S. MAAS**,

Plaintiff,

**v.** **Case No. 25-CV-446**

**KIRA LABBY, *et al.*,**

Defendants.

---

**ORDER**

---

On July 13, 2026, *pro se* plaintiff Kevin S. Maas filed two motions to compel, two motions for sanctions, and a motion requesting an extension of time to respond to the defendants' motion for summary judgment. (ECF Nos. 34, 35.)

In his first motion to compel, Maas states that, after he gave the defendants two extensions of time in which to provide him responses to his discovery requests, the defendants only partially responded to his discovery, several days late. (ECF No. 34 at 2.) Then, over the course of two weeks, he received two more highly disorganized productions of documents, and the defendants immediately filed for summary judgment. (*Id.* at 2-3.) However, it is unclear what Maas is still missing. There appears to be some issue relating to the information requested regarding defendant Francesca Detrana, but it also appears that Maas eventually received that information either through late discovery responses or through the exhibits the defendants filed in support of their motion for summary judgment. (*Id.* at 3.)

In his second motion to compel Maas asserts that defendants Kira Labby, Daniel La Voie, and Laura Sukowaty perjured themselves in their responses to his discovery requests. (ECF No. 35 at 1.) But Maas does not present evidence of perjury. Instead, he demonstrates how the evidence could potentially prove the existence of material questions of fact. These arguments, including noting the discrepancies between discovery responses and the record, are best presented in response to the defendants' motion for summary judgment.

The defendants assert that Maas failed to follow Federal Rule of Civil Procedure 37 (a), which requires that, before filing a motion to compel, a movant demonstrate that he "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." (ECF No. 37 at 1.) Additionally, the defendants state that Maas did not follow Civil Local Rule 37, which requires that a movant certifies that he attempted to confer in good faith prior to filing a motion to compel. (*Id.*)

In reply, Maas does not dispute that he did not follow Rule 37 or Civil L.R. 37. Instead, he states he was excused from attempting to confer in good faith because the defendants perjured themselves and filed a motion for summary judgment before fully responding to his discovery requests after he gave them extensions of time to do so. (ECF No. 38 at 2-3).

Because it is not clear exactly what Maas is still missing from the defendants' responses to discovery requests, the court will deny without prejudice Maas's first motion to compel. The court encourages the parties to engage in discussions regarding any information that Maas contends he is still due. If after such discussions Maas is still

dissatisfied with the defendants' response, he may refile his motion to compel. If Maas chooses to refile his motion to compel, he should plainly and clearly describe what evidence is still missing.

As for Maas's second motion to compel, as explained above, there is no evidence of willful perjury. Any argument that the records are inconsistent with defendants' representations about what those documents say should be made in response to the defendants' summary judgment motion. The court will grant Maas's motion for extension of time in which to respond to the defendants' motion for summary judgment, giving Mass until **November 16, 2026,** to file a response. The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

As for Maas's motions for sanctions, the court has the inherent power to sanction a party's misconduct. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *see also* Fed. R. Civ. P. 11(c). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.* Maas has presented no evidence that the defendants have willfully abused the judicial process or conducted the litigation in bad faith. At most, it appears that the defendants' lawyer neglected or fell behind on her discovery obligations. Admittedly, the timing of the defendants' filing a motion for summary judgment while still struggling to respond to the defendants' discovery requests in a timely fashion is perplexing, but it is not enough to warrant sanctions. In the future, if more time is needed to properly respond to discovery and file a summary judgment

motion, the defendants should file a motion for extension of the case deadlines. Maas's motions for sanctions are denied.

**IT IS THEREFORE ORDERED** that Maas's first motion to compel (ECF No. 34) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Maas's second motion to compel (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Maas's motions for sanctions (ECF Nos. 34, 35) are **DENIED**.

**IT IS FURTHER ORDERED** that Maas's motion for extension of the deadline to respond to the defendants' motion for summary judgment (ECF No. 34) is **GRANTED**. The deadline to respond is now **November 16, 2026.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

Dated in Milwaukee, Wisconsin this 15th day of September, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge